Haynes, J.
This is a petition in error, brought for the purpose of reversing the judgment of the court of common pleas, rendered in a case which had been brought into that court by ■appeal from the probate court of Sandusky county, the case ■in the probate court being a petition filed by the said plaintiff, James Hunt, administrator, for the sale of certain lands in Sandusky county, to pay a certain annuity that had been created by the will of Sardis Birchard, deceased. The probate court having granted the prayer of the petition, appeal was taken to the common pleas, and in that case, upon demurrer filed to the petition, the demurrer was sustained and the petition was dismissed.
The plaintiff, in his petition filed in the probate court, ■after setting forth his appointment as administrator de bonis non, sets forth that Sardis Birchard, by the terms of his last will, willed and bequeathed, among other things, to one Charles Birchard; the sum of $200 per annum, from and after the decease of said Sardis Birchard, during the natural life of said Charles Birchard, the precise language of the will being as follows:
“Item Seventh: I give and bequeath to Charles Birchard, son of my brother Austin Birchard, of Vermont, the sum of two hundred dollars per annum from and after my decease, during the natural life of said Charles Birchard, to be paid annually by my executors.”
The petition further set3 forth that the annuity was paid by the executor of the will of said Sardis Birchard, down to January, 1893, and since that time no portion of the same has been paid, which remains due and unpaid; that the said Charles Birchard is still living. It then avers that there is no personal property of any kind belonging to the estate ■of said Sardis Birchard, out of which to pay the amounts due upon said legacy, and it is therefore, necessary to sell real estate of the said decedent to pay the same; and then ■sets forth certain real estate, of which said Sardis Birchard died seized, and then avers that by the terms of said last will of said Sardis Birchard, deceased, there was bequeathed to said executor of said will, Rutherford B. Hayes, now deceased, all of the residue of the estate and property, real, personal or mixed, of the said Sardis Birchard, after paying *154 and providing for the said legacy and bequest to the said Charles Birchard and the other specific bequests and legacies provided for in said will, and said Rutherford B. Hayes was, by the terms of said will, made residuary legatee of all the estate and property of said Sardis Birchard, after payment of said legacy to said Charles Birchard and the other specific bequests therein provided for.
The will, a copy of which, is attached to the petition, shows that specific bequests of money were given, aggregating over $30,000, to different parties, and that there were also specific bequests of real estate made to several parties, and then by the 18th item of the will, it was provided,
‘‘I give, bequeath and devise to my nephew, Rutherford B. Hayes, and to his heirs and assigns forever, all the residue of my estate net above disposed of, whether real or personal or mixed, of which I shall die seized, or in any manner the owner of.”
And by the 19th item of the will it was provided as follows:
‘‘I do hereby nominate and appoint Rutherford B. Hayes and A. H. Miller, executors of this my last will and testament, hereby authorizing and empowering them to compromise, adjust and release in such manner as they may deem proper, the debts and claims due me. I do also authorize and empower said executors, if they shall think it best, to sell at private sale or in such manner and upon such terms as they may determine, all or any part of my real estate not herein specifically devised, and deeds to purchasers to execute and deliver in fee simple, I desire that no appraisement or sale of my personal property be made, and that the court to probate direct the omission of the same in pursuance of the statute, and that no bond be required of my said executors. It is my will, and I hereby direct that my executors shall not be compelled to pay any of the sums of money given and bequeathed by this will, until the expiration of three years after my decease, but interest shall be paid on the same after two years from my decease.”
The will was executed on the 21st day of August, 1872, and the testator died on the 21st day of January, 1874.
The demurrer to the petition is directed against the allegation that there is no personal property of any kind be *155 longing to the estate of said Sardis Birchard, out of which to pay the amounts due upon said legacy, and it is therefore necessary to sell real estate of said decedent to pay the same. And it is contended on behalf of the demurrer that the petition is defective in that it does not state that there was no personal property at the time of making the will, or not sufficient personal property at the time of making the will, to meet the amount that would be required to pay the money legacies of the will. It is claimed on behalf of the defendants demurring, that if there was sufficient personal property owned by the testator at the time of making the will to meet all the money legacies of the will, that in that event the personal property alone was liable for the payment of the legacies, and the real estate of the decedent was not in any manner charged or to be chargeable with the payment of those legacies; or the exonerátion of the personal estate from the payment of legacies. And that is the main question argued before us.
After a very full examination of the arguments of counsel on either side, and of the authorities cited by them, we are of the opinion that, under the terms of this will, and under the facts of the case as presented by the petition and pleadings in the case, the real estate is chargeable with the payment of this legacy or this annuity. The leading cases cited in Ohio, are; Clyde v. Sampson, 4 Ohio St., 446, Moore, Executor, v. Beckwith’s Executor, 14 Ohio St., 129; Glass v. Dunn, et al., 17 Ohio St., 413; and Geiger v. R. R., same volume, page 565; from which we gather that, in the opinion of the supreme court, the general rule in regard to legacies should be, or is, by the weight of authority, held to be, that where there is a devise, or legacies in money and devises of real estate to different parties, that the legacies in money, should be charges upon the personal property, and the personal property only, of the estate, unless there is a clear manifestation in the will that the real estate should be in some manner chargeable with the same; but where there is a devise of money legacies, and also of real estate legacies, and then there is a devise over to a party of the residue of the real and personal estate, blending together the real and personal estate as one estate, that in such case, “there is such a blending of the real and personal estate in one common fund as to justify the implica *156 tion that the testator intended, in case of a failure of the personal assets, to make the legacy a charge upon the realty."
All the cases seem to agree that we must look to the will and the terms of it to ascertain the intention of the testator in this respect, subject to the rule that we may place ourselves in the position of the testator at the time he made his will, to ascertain, at least to a certain extent, what his intentions were with regard to charging his real estate; for it is held by some of the authorities that if at the time of making the will the testator did not have sufficient personal property to meet the legacies payable in money, that an intention would arise to charge the real estate with the legacies, and that without reference to the fact of there being a residuary legatee or not.
Looking to the will, now, of the testator Sardis Birchard, we find no statement in that of the amount either of his personal or his real estate. We find, as before stated, this: legacies amounting to over $80,000 that are given specifically in money, and in a considerable part legatees who have a special devise of real estate, We then find the remainder of his estate, real, personal and mixed, given to Rutherford B, Hayes, as residuary legatee. There are no provisions in the will making the devises in money payable out of the real estate; but it is próvided by the terms of the will, firsts, that the executors, if they think best, may sell at private sale or in such manner or upon such terms as they may determine, all or any part of his real estate not specifically devised; and second, it provides that there shall be no appraisement or sale of his personal property. And to our minds the conclusion is very strong, from the provisions of the will itself, that it was the expectation of the testator that the money arising from the sale of the real estate should be used for the purpose of paying off these legacies, as freely as that arising from any personal property of which he might be possessed. Indeed, it would seem that the testator desired that his real estate should be sold to meet the requirements of the will in preference to the sale of his personal property; for it is also provided'by the terms of the will that the executors shall have the period of three years within which to pay the sums that are’ *157 devised by the will, with a proviso that after two years from his decease, the legacies shall draw interest; thus showing that he was giving sufficient time to make a sale of real estate in the ordinary course of business. Taking these provisions of the will, coupled with the clause giving the residuary legatee the remainder of the property after the payment of the legacies, and we have no question in our minds but that the intention of the testator was to charge his whole estate, real and personal, with the payment of these various legacies, and that the same were and are a charge upon the real estate of the testator not .specifically devised.
Answers were filed by one or more of t.he defendants, and in the third defense of the answer filed by Webb C. Hayes, it is averred that at the time of the execution of said will, and the time of the death of said Sardis Birchard, he was the owner of personal property worth much more than the sum total of his debts and the amount of the legacies created by said will, and the amount necessary to produce annually the annuities created thereby.. Replies have been filed to these answers, in which it is claimed that only the residuary legatee qualified as executor, and that no appraisement or inventory of the property was made or established, and that no account has been made or filed of the disposition of the same; and that there is none- of said property remaining with which to pay this legacy, as is averred in the petition of the plaintiff. It is claimed that we. should look into those answers and pass upon the questions that are raised by these pleadings.
Section 6172 provides that — ■
“When a testator shall have given any legacy by will that is effectual to pass or charge real estate, and his personal estate shall be insufficient to pay such legacy to- ' gether with his debts, the allowance to the widow and children, and the costs of administration, the executor or administrator with the will annexed, may be ordered to sell his real estate for that purpose, in the same manner and upon the same terms and conditions as are prescribed herein for the payment of debts.’’
In the view that we take of the case, and as we understand the law to be, it can make no difference upon the merits of this petition, whether there was sufficient property *158 at the time the will was made to pay the debts or not, or at. the time of the decease of the testator. The property came into the hands of the residuary legatee, or rather executor, with authority to sell the real estate — -and it is conceded' that he had authority also to sell the personal estate — -and with authority to pay from that estate the legacies. The executors were authorized to exercise their judgment in that respect. They proceeded to administer under the will, the business being transacted mainly by the residuary legatee. It seems that during the time that has elapsed since the death of the testator down to the filing, of this-petition, the money arising from the personal property, or the personal property itself, has been exhausted, either for the purpose-of paying off legacies or debts of the estate, or for purposes that were satisfactory to the residuary legatee. And we do not see how it can make any difference to the residuary legatee, of to the defendants claiming under him, whether that property has been disposed of or not, or whether there was sufficient property at that time. Both classes of property were chargeable, and in the administration of the estate he has exercised his judgment as to the manner in which the money should be paid out and disposed of; and there is now nothing left except certain real estate; but there is left this legacy or annuity to be paid. We think the requirements of the statute and the rights of the parties under the will are sufficiently met and satisfied by the allegations made in the petition, that at the time of the filing of the petition there was no personal property with which to make payment of this legacy.
Another point should be considered in this matter: that this legacy is in the nature of an annuity. It is payable during the whole of the life time of the devisee. What his age was at the time the will was made we do not know. We know that 24 years have elapsed since the death of the testator, and that the party is still living, and that he is a person who is, according to the statement made in the pleadings, a party under disability, it is' argued, .necessary to have a guardian appointed for him. It seems if there was a case ever could arise where the intention of the parties and circumstances of the case should be taken to hold that the whole estate should be bound to the payment of the *159 legacy in the nature of an annuity, that it would be in just this class of .cases. No proviso is made in the will for setting apart any personal property for raising any fund. Generally and absolutely the executors of the will are chargeable during the whole lifetime of the devisee with paying him annually the sum of $200. It would certainly seem that it was the intention of the testator that his whole estate should be bound for the payment of that sum.
From these considerations we are of the opinion that the court of common pleas erred in dismissing the petition, and that the judgment of that court should be reversed, and the case remanded to that court for further proceedings.
A question has been raised here upon an answer made by one Rutherford H. Platt, it being averred that Rutherford H. Platt is an heir, and was at the time of the death of said testator, Sardis Birchard, and that by virtue of section 6098, he has the right to and has in fact filed a written requisition upon the administrator de bonis non, to disallow and reject the claim of the plaintiff; and it is claimed that this action should be stayed until the guardian of this devisee shall bring an action in the probate court to sustain this claim as against the estate of Sardis Birchard. We are asked to pass upon this question, as it will necessarily arise, it is said, if the case goes back for trial and for disposition, and it is desired that in passing upon this case the question shall be decided.
Section 6098, is quite a lengthy section, and makes provision generally that an heir may file a requisition on the administrator to disallow and reject any claim presented for allowance. We are of the opinion, upon consideration of the case, that section 6098, is not applicable to this class of cases. This is an annuity, a legacy, undeT the will. It is not a claim, in the general sense of that term; nor do we deem it necessary for the legatee to file the claim with the administrator, make oath to it, or to present it for allowance or disallowance. It is a gift that is made to him by the terms of the will, and the executor has that will for his guidance, and it is his duty, under the terms of that will, to pay that legacy from time to time, and to sell such estate as may be necessary to pay the same, or may be authorized *160 to be sold to pay the same. We are of the opinion that under the definition of the term “heir”, that this Rutherford B. Platt is not an heir of Sardis Birchard. He takes no part of the estate by heirship. Sardis Birchard died testate, and not intestate. By the terms of the will the said Platt was to receive $2500. He has received that sum. He was a legatee and devisee, and not an heir, and takes as such. And for that reason, he is not interested in this ■matter, and has not, in our judgment, any right or standing to file the requisition provided for in section 6098.
H. W. Ingersoll, Hunt & DeJRan, for Plaintiff.
B. A. Hayes, for Defendants.